**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RICARDO MURILLO, | No. 11-56744 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-05695-R-SH |
| v. | |
| JPMORGAN CHASE BANK, a New York Corporation; E. JACK DALTON, Trustee Dalton Family Trust; MURIEL DALTON, Trustee Dalton Family Trust; E. CLARK MOSELEY; STEPHENE MOSELEY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted March 4, 2013[**]
Pasadena, California

Before: HAWKINS, THOMAS, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ricardo Murillo appeals the district court's Rule 12(b)(6) dismissal of his complaint against JP Morgan Chase Bank ("Chase"), which sought relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12300, and California state law. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Murillo's first amended complaint alleged that he "is a quadriplegic who cannot walk and who uses a wheelchair for mobility," that he "went to the Chase Bank in March of 2011 to cash a check," found no lowered teller windows or counters in the branch, and thus was denied full and equal access to a place of public accommodation. In granting Chase's motion to dismiss, the district court found that Murillo had not stated a claim for relief under the ADA because the complaint did not allege that he was unable to cash the check or had a Chase account. Because it dismissed the ADA claim, the court also declined to exercise supplemental jurisdiction over Murillo's state law claim.

The district court erred in dismissing the ADA claim. The complaint alleged that Murillo personally encountered the alleged ADA violation—a lack of wheelchair-accessible teller stations—while attempting to cash a check at the Chase branch. The complaint also connected the alleged violation to Murillo's disability, quadriplegia. This suffices to state a claim for relief under the ADA. *See Chapman v. Pier 1*

*Imports*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc).  We therefore vacate the district

court's judgment and remand for further proceedings.

**VACATED AND REMANDED.**